Rosemary A. FICALORA,
Plaintiff-Appellant,

v.

LOCKHEED CALIFORNIA CO.,
Defendants-Appellees.

No. 84–5540.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 4, 1984.

Decided Jan. 8, 1985.

Richard N. Grey, A. Thomas Hunt, Hunt & Cochran-Bond, Los Angeles, Cal., for plaintiff-appellant.

Rosemary Ficalora, in pro. per.

Gordon E. Krischer, O'Melveny & Myers, Los Angeles, Cal., for defendants-appellees.

Before GOODWIN, POOLE and BOOCHEVER, Circuit Judges.

PER CURIAM.

Rosemary Ficalora challenges the approval of a settlement decree terminating a class action in which she sued Lockheed California Company for employment discrimination. We remand for findings of fact and an explanation of possible conflicts of interest between the counsel for the plaintiff class and representatives of the class.

Ficalora originally filed her action against Lockheed *in pro per.* She claimed violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, which prohibits employment discrimination by reason of sex. The action became a class action on January 27, 1983. The complaint alleged a pattern of employment discrimination by Lockheed which disproportionately excluded women from employment opportunities in all salaried positions except those positions requiring an engineering degree or background.

Following extended settlement negotiations between Lockheed and an attorney representing the plaintiff class, a proposed settlement decree was lodged on September 12, 1983. The district court approved notice to potential class members and held a fairness hearing before approving the consent decree on December 5, 1983.

Ficalora presented written objections to the proposed settlement, arguing, *inter alia,* that the settlement was not substantively fair to the plaintiff class and that the attorney for plaintiff class did not adequately represent Ficalora's personal interests. One of the terms of the agreement was that Ficalora, who had commenced the action, not be rehired by Lockheed. She contends that this apparently retaliatory term of the agreement is unexplained by anything in the record. We have found nothing to rebut her claim, and, on the face of it, an inference of impermissible retaliation does not appear to be far fetched. Ficalora also alleges that another woman who assisted in bringing the action was not rehired. That matter is likewise unexplained in the record.

■ Unlike most civil settlements, settlements of class actions require approval of the district court. Fed.R.Civ.P. 23(e). The primary purpose of Rule 23(e) is to protect class members, including the named plaintiffs, whose rights may not have been given due regard by the negotiating parties. *Officers for Justice v. Civil Service Commission,* 688 F.2d 615, 624 (9th Cir.1982), *cert. denied,* 459 U.S. 1217, 103 S.Ct. 1219, 75 L.Ed.2d 456 (1983). In reaching a compromise in settlement of a class action, the attorney representing the plaintiff class is placed in a particularly difficult position because he or she bears responsibility both toward the class as a whole and toward individual class members. *Mandujano v. Basic Vegetable Prods. Inc.,* 541 F.2d 832, 834–35 (9th Cir.1976). The attorney also can be forced into a situation in which his or her own fee can be enlarged or reduced by concessions made by the class or by members of the class in order to achieve settlement.

Before approving a class action settlement, the district court must reach a reasoned judgment that the proposed agreement is not the product of fraud or overreaching by, or collusion among, the negotiating parties and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned parties. *Officers for Justice*, 688 F.2d at 625.

The papers filed by Ms. Ficalora include numerous allegations of both overreaching and potential conflicts of interest by the negotiating parties. While this court should not lightly disturb a district court's approval of a class action settlement, *Mendoza v. United States*, 623 F.2d 1338, 1344–45 (9th Cir.1980), *cert. denied*, 450 U.S. 912, 101 S.Ct. 1351, 67 L.Ed.2d 336 (1981), the district court record reveals no inquiry by the court into the questioned activities of plaintiff class counsel with respect to the named plaintiff, Ficalora. The record contains a passing reference to separate litigation about retaliatory refusal to rehire, but the matter is not addressed by the trial court.

 The allegations in Ficalora's briefs before this court present a serious charge that her interests were sacrificed in order to achieve a settlement that was good for the class attorney but bad for her. There may be valid, nonretaliatory business reasons for Lockheed to get rid of the employee who sued. These reasons, if they exist, should be set forth in findings of fact relevant to the reasonableness of the settlement as it affected the named plaintiff. Ficalora contends that she was coerced and intimidated by the class attorney and was placed in a position from which she could not opt out. On behalf of the class attorney, there is some evidence that Ficalora may have been a difficult client and that communications between Ficalora and the class attorney were less than optimal. The record leaves a number of questions to speculation. We express no opinion on the merits.

On remand, the district court should determine the amount of attorney's fees received by plaintiff-class counsel and whether the early closing of the case by settlement sacrificed any interest of the named plaintiff. The court should then consider Ficalora's objections in detail and should examine the settlement for possible conflicts of interest by counsel or overreaching by Lockheed with respect to Ficalora. Her numerous objections to the settlement on behalf of the class generally do not appear to be supported by the record and form no basis for reversal.

Vacated and remanded.